**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0400n.06
Filed: July 2, 2008

No. 07-4070

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES SURETY COMPANY;
GREENWICH INSURANCE COMPANY.
     *Plaintiffs-Appellants*,

v.

KEYCORP; KEYBANK NATIONAL ASSOCIATION;
KEY BANK USA, NATIONAL ASSOCIATION,
     *Defendants-Appellees*.

On Appeal from the
United States District Court for
the Northern District of Ohio

_____

Before: BOGGS, Chief Judge; RYAN and COLE, Circuit Judges.

**PER CURIAM**. In this diversity case in which Ohio law applies, Plaintiffs-Appellants United States Surety Company and Greenwich Insurance Company ("U.S. Surety") appeal the district court's August 13, 2007 Opinion and Order granting summary judgment to Defendants-Appellees KeyCorp, KeyBank National Association, and Key Bank USA, National Association ("KeyBank").

U.S. Surety claims that KeyBank misapplied $480,710.38 in funds that were deposited by Michael Lignos on behalf of U.S. Surety's Subrogee, L.M. Lignos, Inc. ("L.M. Lignos"). U.S. Surety argues that L.M. Lignos and KeyBank had entered into a binding oral agreement whereby any deposits made by Lignos would be applied to an account that existed for the purpose of paying L.M. Lignos's business obligations. Instead, the disputed funds were applied to the outstanding debt that L.M. Lignos had acquired on its line of credit with KeyBank. U.S. Surety asserts multiple theories of recovery under state law, including breach of fiduciary duty, negligence, breach of contract to a

third-party beneficiary, conversion, tortious interference with business relationship, and fraud. The remaining claim that U.S. Surety asserts is a claim for declaratory relief, in which U.S. Surety requests that this Court find that their later-in-time mortgage lien is superior to KeyBank's mortgage on a property purchased by L.M. Lignos's sister company, Elias, LLC.

The district court's opinion carefully analyzed U.S. Surety's allegations and concluded that, even assuming U.S. Surety could demonstrate the existence of an oral agreement, such an agreement would not be enforceable because the Statute of Frauds, Ohio Revised Code § 1335.02, would apply. It further concluded that none of the remaining claims regarding the application of Lignos's deposits could succeed, and that there was no basis under Ohio law for concluding that KeyBank's mortgage on the Elias property was invalid.

We have carefully reviewed U.S. Surety's complaint, the depositions and documents supporting U.S. Surety's argument, the applicable law and the parties' briefs, and we agree with the district court's conclusions. We therefore AFFIRM the district court's grant of summary judgment for the reasons stated in its well-reasoned and thorough opinion.